### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TITO REYES** | : | **CIVIL ACTION** |
| v. | : | |
| | : | |
| **MS. DEBRA K. SAUERS, et al.** | : | **NO. 11-3041** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                                                        **October 22, 2012**

    Petitioner seeks relief from the judgment denying his petition for a writ of *habeas corpus* entered on November 23, 2011. He argues that, in light of the Supreme Court's recent decision in *Martinez v. Ryan*, 132 S. Ct. 1309 (2012), he should be relieved from the prior judgment to the extent his claims were found to be procedurally defaulted.

    Because petitioner challenges an allegedly incorrect procedural ruling, his motion is a proper 60(b) motion rather than an unauthorized second or successive petition for *habeas* relief. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005); *see also Adams v. Thaler*, 679 F.3d 312, 319 (5th Cir. 2012). To obtain relief from a judgment based on an intervening change in law under Rule 60(b)(6), a movant must establish "extraordinary circumstances" that justify setting aside the judgment. *See Gonzalez*, 545 U.S. at 535. "[I]ntervening developments in the law by themselves rarely constitute the extraordinary circumstances required for relief under Rule 60(b)(6)." *Morris v. Horn*, 187 F.3d 333, 341 (3d Cir. 1999); *see also Gonzalez*, 545 U.S. at 536. Furthermore, a petitioner cannot establish extraordinary circumstances where the newly announced rule does not affect the integrity of the court's earlier judgment. *See Lopez v. Ryan*, 678 F.3d 1131, 1137 (9th Cir. 2012) (whether an intervening change in law constitutes an extraordinary circumstance depends in part on the "degree of connection" between the new law and the ruling upon

which the judgment was premised); *Wilson v. Fenton*, 684 F.2d 249, 251 (3d Cir. 1982) (*per curiam*) (no extraordinary circumstances when new Supreme Court decision did not apply to the petitioner's circumstances).

In *Martinez*, the Supreme Court held that "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, [i.e., a collateral proceeding that provides the first occasion for a defendant to raise a claim that trial counsel was ineffective,] a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective." 132 S. Ct. at 1320. Here, petitioner raised six claims in his *habeas* petition. (R&R, Document No. 14, at 4-5.) The only claims that the Court found to be procedurally defaulted were the claims that the trial court deprived petitioner of due process by precluding him from introducing certain evidence, and by failing to grant a mistrial in light of testimony concerning a witness's plea agreement. (*Id.* at 7-8, 11-12.) As those claims are not based on trial counsel's alleged ineffectiveness, *Martinez* does not cure petitioner's default. *See Ibarra v. Thaler*, 687 F.3d 222, 224 (5th Cir. 2012) ("*Martinez*, by its terms, applies only to ineffective-assistance-of-trial-counsel claims."). In any event, those claims were rejected on the merits. (R&R, Document No. 14, at 10 & 12.) Accordingly, relief from judgment is unwarranted.