## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TITO REYES** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MS. DEBRA K. SAUERS, THE** | : | |
| **DISTRICT ATTORNEY OF THE** | : | |
| **COUNTY OF PHILADELPHIA and** | : | |
| **THE ATTORNEY GENERAL OF** | : | |
| **THE STATE OF PENNSYLVANIA** | : | **NO. 11-3041** |

### MEMORANDUM

**Savage, J.**                                                                                  **July 13, 2021**

Petitioner Tito Reyes, a state prisoner serving a life sentence for murder, has filed a second motion under Fed. R. Civ. P. § 60(b)(6).  He claims he has new evidence that casts doubt on the credibility of his sister and co-defendant Gloria Ramos who testified against him at trial.  Specifically, he contends he was not aware that she had spent time in a mental hospital and that she had told others that she had been coerced into testifying at trial.

This is not the first time petitioner has challenged his conviction in this Court.  His first federal *habeas* petition was denied on November 23, 2011.  His request for a certificate of appealability was denied on February 21, 2012.  Eight months later, he filed his first Rule 60(b) motion which was denied on October 23, 2012.  Once again, on April 10, 2013, the Third Circuit denied a certificate of appealability.  Now, more than eight years later, he has filed a second Rule 60(b) motion.  The claim he raises in this motion was presented twice to the PCRA court and was dismissed as untimely.

Respondents contend that the motion is an impermissible "second or successive

petition". They request that it be dismissed.

Rule 60 may not be used to relitigate the movant's underlying conviction after his *habeas* petition attacking the same conviction has been denied. Like a Rule 60(b) motion, one brought under Rule 60(d) may not be used as a substitute for appeal. *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999); *Fox v. Brewer,* 620 F.2d 177, 180 (8th Cir. 1980) (citations omitted).

Under AEDPA's "second or successive petition" rule, a prisoner is not permitted to file a *habeas* petition after his previously filed *habeas* petition attacking the same conviction was decided on the merits. 28 U.S.C. § 2244(b)(1).[1] If the petitioner makes a new claim in a second or successive petition, he must first receive permission from the court of appeals to file the petition. Absent such authorization, the district court lacks jurisdiction and is not permitted to consider the merits of the subsequent petition. 28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005); *Robinson v. Johnson*, 313 F.3d 128, 139–40 (3d Cir. 2002).

A petitioner cannot circumvent the "second or successive" petition bar by presenting new claims for relief that couch his petition in the language of a Rule 60(b) motion. The *Gonzalez* Court characterized such a maneuver as an impermissible effort to bypass AEDPA's requirement that new claims be dismissed unless they are based on "newly discovered facts" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Gonzalez*, 545 U.S. at 531–32 (citing 28 U.S.C. § 2244(b)(2)); *see also Blystone v. Horn*, 664 F.3d

---

[1] Section 2244(b)(1) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." 28 U.S.C. § 2244(b)(1).

397, 411 (3d Cir. 2011).

When a motion is filed in a *habeas* case under a Rule 60(b) or 60(d) label, the district court must initially determine whether the motion is a "second or successive" habeas petition within the meaning of § 2244(b). *Id.* at 530; *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *Sharpe v. United States,* Crim. No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010). If it is not a "second or successive" petition, no authorization from the court of appeals is required. Thus, we must determine whether Reyes's motion is a true Rule 60 motion or, as the respondents contend, an impermissible successive *habeas* petition.

The motion does not attack the integrity of the ruling denying his original *habeas* petition. Rather, it is an attempt to present a new claim for relief. Therefore, it is a second or successive petition that must be dismissed because petitioner does not have permission from the Third Circuit to file it.